UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/8/2026

------------------------------------------------------------------ X
                                                                   :
MIRCAL,                                                            :
                                                                   :
                                        Plaintiff,                 :           1:25-cv-622-GHW
                                                                   :
                    -v-                                            :           MEMORANDUM
                                                                   :           OPINION & ORDER
MICHAEL FLACKS,                                                    :
                                                                   :
                                        Defendant.                 :
                                                                   :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

This action arose from Defendant Michael Flacks's refusal to honor a personal guaranty

executed in connection with a cross-border acquisition.  Mr. Flacks has appealed this Court's

decision that he cannot avoid the absolute, unconditional, and irrevocable terms of the guaranty and

now asks the Court to waive Rule 62(b)'s bond requirement on the theory that he can be trusted to

pay later what he has thus far refused to pay.  Because the Court cannot rest waiver on Mr. Flacks's

unsupported assurance that he will satisfy the judgment if affirmed, and because he has not made

the showing required under the *Nassau County* factors, his motion is DENIED.

## I.      BACKGROUND

The Court assumes familiarity with the factual background set out in its prior decisions, Dkt.

Nos. 35, 46, and summarizes here only the facts relevant to this motion.  Artemyn, a French

company under Mr. Flacks's control, entered into a Securities Purchase Agreement ("SPA") with

Plaintiff Mircal to acquire several businesses.  Mr. Flacks personally guaranteed up to €15 million of

the upfront purchase price (the "Guaranty").  After Artemyn failed to make the second installment

payment due under the SPA, Mircal demanded payment from Mr. Flacks under the Guaranty.  Mr.

Flacks refused to pay.  The Court granted summary judgment for Mircal, finding that the SPA-

related disputes did not relieve Mr. Flacks of his obligations under the terms of the Guaranty, which

were "absolute, unconditional, and irrevocable." Dkt. No. 35. After determining the fees and costs that Plaintiff was entitled to recover, Dkt. No. 46, judgment was entered against Mr. Flacks in the sum of €10,547,265.20 and $501,990.90, plus any post-judgment interest (the "Judgment"). Dkt. No. 47. Mr. Flacks has appealed the Court's ruling and now moves under Federal Rule of Civil Procedure 62(b) to stay execution of the Judgment without posting a supersedeas bond. Dkt. Nos. 50–52.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 62(b), a party may obtain a stay of execution of a judgment "by providing a bond or other security." Fed. R. Civ. P. 62(b). The purpose of the bond requirement is "to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.'" *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (quoting *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir. 1997)). "A district court therefore may, in its discretion, waive the bond requirement if the appellant provides an acceptable alternative means of securing the judgment." *Id.* (internal quotation marks and citations omitted).

In determining whether to waive the bond requirement, courts in this Circuit consider the following non-exclusive factors identified by the Second Circuit in *Nassau County* (the "*Nassau County* factors")[1]:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that

---

[1] Although *Nassau County* addressed former Rule 62(d), the 2018 amendments carried Rule 62(d)'s supersedeas bond provisions forward, in modified form, into Rule 62(b). *See* Fed. R. Civ. P. 62 advisory committee's note to 2018 amendments; *see also Georgiev v. Adsad, LLC*, No. 19-CV-122, 2021 WL 3159853, at *1 n.1 (S.D.N.Y. June 21, 2021) ("Rule 62(b) was formerly Rule 62(d)."). As a result, courts in this Circuit apply the *Nassau County* factors to motions to waive Rule 62(b)'s bond requirement. *See, e.g., Petroleos de Venez. S.A. v. MUFG Union Bank, N.A.*, No. 19 CIV. 10023, 2020 WL 7711522, at *2 n.3 (S.D.N.Y. Dec. 29, 2020).

2

the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id.* at 417–18 (quoting *Dillon v. Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)).

The *Nassau County* factors are "a tool geared toward ensuring a meaningful outcome for the prevailing party, and not a device for easing the judgment burden on the losing party." *Petersen-Dean, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 19 CIV. 11299, 2020 WL 1989493, at *3 (S.D.N.Y. Apr. 24, 2020). The factors contemplate waiving the bond requirement "because a court is satisfied that the debtor would be able to pay the judgment with ease." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 649 (S.D.N.Y. 2018) (quoting *Butler v. Ross*, 2017 WL 6210843, at *3 (S.D.N.Y. Dec. 7, 2017)). "The vast majority of courts in this district applying these factors have denied a motion to stay enforcement without a supersedeas bond." *Penzo v. Consol. Edison Co. of N.Y., Inc.*, No. 19-CV-07478, 2025 WL 369708, at *3 (S.D.N.Y. Feb. 3, 2025) (collecting cases).

## III.    DISCUSSION

After considering the *Nassau County* factors, the Court declines to waive Rule 62(b)'s requirement that Mr. Flacks provide a bond or other security to obtain a stay. The record casts doubt on Mr. Flacks's conclusory assertion that collection would be neither complex nor lengthy. Mr. Flacks also fails to demonstrate that funds sufficient to satisfy the Judgment are available, much less that his ability to pay is so plain that the cost of a bond would be a waste of money. The traditional stay factors Mr. Flacks invokes do not alter that conclusion. Finally, Mr. Flacks proposes no acceptable alternative means of securing the Judgment. The Court addresses each consideration below.

### A.  Factors 1 and 2:  Complexity of Collection and Time Required to Obtain Judgment

The first and second *Nassau County* factors—the complexity of the collection process and the time required to obtain a judgment after it is affirmed—weigh against waiver because Mr. Flacks

fails to support his assertion that collection would not be complex or lengthy, and the record suggests otherwise. Mr. Flacks argues that "as a resident of Florida and founder of a multinational company, there is no evidence that the collection process would be complex or that the amount of time required for Plaintiff to obtain a judgment if it is affirmed on appeal would be extensive." Dkt. No. 51 ("Mem.") at 2. However, Mr. Flacks offers only this conclusory argument and presents no evidence to support it. By contrast, Mircal notes that Mr. Flacks resides both in Florida and in the United Kingdom and that he has provided no information about the location or liquidity of his assets. Dkt. No. 54 at 5. Those assertions suggest that collection may involve at least some international dimension and that Mircal may face added difficulty identifying and reaching assets to satisfy the Judgment.

Finally, Mr. Flacks's failure to pay under the Guaranty and his actions to resist payment also suggest that the collection process may prove complex and lengthy. *See, e.g.*, *Petersen Energía Inversora S.A.U. v. Argentine Republic*, No. 15 CIV. 2739, 2023 WL 8096928, at *2 (S.D.N.Y. Nov. 21, 2023) (finding the first factor weighed against waiver where defendant's "actions in resisting payment suggest that Plaintiffs have a long road ahead"); *605 Fifth Prop. Owner, LLC v. Abasic, S.A.*, No. 21CV811, 2022 WL 1422821, at *2 (S.D.N.Y. May 5, 2022) (denying waiver where defendant was "located outside of the United States, and has resisted enforcement of its Guarantee at every stage, frequently with legal arguments firmly foreclosed by applicable authority"). Therefore, the first and second factors weigh against waiver of the bond requirement.

**B. Factors 3 and 4: Availability of Funds and Ability to Pay**

The third and fourth *Nassau County* factors—the degree of confidence the Court has in the availability of funds to pay the judgment and whether the defendant's ability to pay is so plain that the cost of a bond would be a waste of money—also weigh against waiver because Mr. Flacks offers only conclusory, unsworn assertions regarding his wealth, and the unpaid Guaranty is not evidence

that sufficient funds are actually available.  The third and fourth factors have been found to favor waiver where the movant has "demonstrated the existence of appropriate funds, available for the purpose of paying judgments without substantial delay or other difficulty." *Nassau Cnty.*, 783 F.3d at 418 (citation and internal quotation marks omitted).  By contrast, waiver was not favored where a defendant has not "submitted any evidence to establish that specific funds have been encumbered to cover the current judgment in plaintiff's favor." *See Conte v. County of Nassau*, No. 06-cv-04746, 2017 WL 9478355, at *4 (E.D.N.Y. May 4, 2017).

Mr. Flacks's counsel asserts that "[a]s the founder of Flacks Group, Mr. Flacks has the funds available to pay the judgement," Mem. at 5, but counsel has provided no evidence, under cover of an affidavit or otherwise, of his assets, much less evidence that funds have been encumbered to support the judgment.[2]  Moreover, Mr. Flacks's election not to provide an affidavit regarding his assets weighs against the conclusion that funds sufficient to satisfy the Judgment are readily ascertainable and available.

Mr. Flacks also contends that because he guaranteed Artemyn's payment obligation under the SPA in an amount that was greater than the Judgment, the Court should infer that he has sufficient funds available to satisfy it.  *Id.*  However, a past pledge to guarantee a larger sum that Mr. Flacks has never, in fact, paid does not give the Court confidence that he has sufficient funds available or that his ability to pay the judgment is "*so plain* that the cost of a bond would be a waste of money." *See Nassau Cnty.*, 783 F.3d at 417 (emphasis added).  Therefore, the third and fourth *Nassau County* factors weigh against waiver.

---

[2] Mr. Flacks's counsel adds that "if the Court needs additional evidence that Mr. Flacks can pay the judgment, the Court may still grant a stay to allow Mr. Flacks to provide that evidence." Dkt. No. 56 at 2.  Because counsel provided no evidence of Mr. Flacks's assets with its motion, the evidence counsel proposes to submit would not be "additional" so much as the first evidence of that kind.  In any event, it is counsel's obligation, not the Court's, to identify the evidence required to support its motion. *See Gardner-Alfred v. Fed. Rsrv. Bank of N.Y.*, No. 22-CV-1585, 2024 WL 3755548, at *3 n.2 (S.D.N.Y. Aug. 12, 2024).

### C.  Factor 5:  Precarious Financial Situation

The fifth factor—whether the movant is in such a precarious financial situation that requiring a bond would place other creditors in an insecure position—also weighs against waiver. Mr. Flacks does not address the fifth factor, and to the contrary, maintains that he has funds readily available to satisfy the Judgment.  *See* Mem. at 5.  On this record, there is no basis to conclude that a bond would place other creditors in an insecure position, so this factor does not support waiver.

### D.  Traditional Stay Factors Do Not Warrant a Stay

Mr. Flacks has not shown that waiver is warranted under the *Nassau County* factors, and his arguments under the traditional stay factors do not alter that conclusion.  Mr. Flacks devotes much of his briefing to the traditional four-factor stay test enumerated in *Hilton v. Braunskill*, 481 U.S. 770 (1987), which considers likelihood of success on appeal, irreparable injury absent a stay, prejudice to the opposing party, and the public interest.  Mem. at 6–10.  But in the context of a stay of a money judgment, the Second Circuit has explained that the *Nassau County* factors, "in contrast to the traditional stay factors, more directly address the primary purpose" of Rule 62(b).  *See Nassau Cnty.*, 783 F.3d at 418.  Courts in this Circuit have therefore recognized that the traditional four-factor stay test applies to stays of injunctive or equitable relief, while the *Nassau County* factors apply to requests to waive Rule 62(b)'s bond requirement in connection with a stay of a money judgment.  *See, e.g.*, *John Wiley & Sons*, 327 F. Supp. 3d at 649; *Moore v. Navillus Tile, Inc.*, No. 14 Civ. 8326, 2017 WL 4326537, at *3–4 (S.D.N.Y. Sept. 28, 2017).  The Court therefore focuses primarily on the *Nassau County* factors.  Nevertheless, because those factors are "non-exclusive," the Court has considered Mr. Flacks's arguments under the traditional stay factors and finds that they too weigh against waiver.

First, Mr. Flacks contends that he is likely to succeed on the merits of his appeal.  Mem. at 6–9.  The Court is not persuaded that its recent decision was incorrect and therefore does not find

6

that this factor weighs in Mr. Flacks's favor.

Next, Mr. Flacks asserts that without a stay, he will be "forced to personally satisfy a multi-million-dollar judgment under a Guaranty that may ultimately be found void" and that the "financial harm would be irreparable, exposing him to enforcement actions, asset seizures, and additional claims for attorneys' fees." Mem. at 9. But that argument overstates the consequence of an adverse ruling on this motion. If the Court declines to waive the bond requirement, Mr. Flacks is not thereby immediately required to satisfy the full Judgment. He may obtain a stay under Rule 62(b) by posting a bond or other security approved by the Court. If Mr. Flacks's financial resources are as substantial as he claims in relation to the *Nassau County* factors, posting a bond or other security in an amount less than the full Judgment should not inflict the sort of irreparable financial harm he describes. And to the extent Mr. Flacks is instead asserting that immediate satisfaction of the full Judgment would cause those financial harms, that argument likewise cuts against his position on the *Nassau County* factors. A party whose ability to satisfy the Judgment is so plain that a bond would be a waste of money cannot credibly simultaneously argue that paying the Judgment would produce severe financial distress. If anything, Mr. Flacks's emphasis on those consequences undermines his contention that the Court should be satisfied he can pay the Judgment with ease, and this factor therefore does not favor waiver.

Mr. Flacks also argues that he will suffer irreparable harm because "if payment is compelled now and the Paris litigation later results in a determination that no underlying obligation ever existed, [he] would be subject to conflicting legal obligations across jurisdictions." Mem. at 9. But any such tension is a product of the very deal structure Mr. Flacks accepted: an SPA governed by French law, with disputes to be resolved in Paris, and a Guaranty governed by New York law, enforceable in New York. Mr. Flacks's claim that he will suffer irreparable harm because that very arrangement may produce divergent consequences is not persuasive. Mr. Flacks's comity argument

is also unpersuasive. Enforcing the New York-law Guaranty according to its terms does not interfere with the Paris court's ability to decide SPA issues under French law. The two proceedings involve different contracts, different governing law, and different questions, and any possibility of conflicting outcomes is a foreseeable consequence of the structure the parties adopted.[3]

Mr. Flacks further argues that Mircal will not be prejudiced because, under the Guaranty, any delay can be compensated through interest and reimbursement of costs and expenses. Mem. at 10. That argument assumes that Mr. Flacks will pay promptly and without difficulty if the Judgment is affirmed, which is the very premise his showing under the *Nassau County* factors fails to establish. As discussed above, Mr. Flacks has not paid under the Guaranty, has not shown that funds sufficient to satisfy the Judgment are plainly available, and has not demonstrated that collection would not be complex or lengthy. The Court therefore is not persuaded that a stay pending appeal would impose no meaningful prejudice on Mircal. Accordingly, even considering the traditional stay factors, the Court declines to waive the bond requirement.

### E. No Alternative Means

Mr. Flacks has proposed no alternative means of securing the judgment, which also weighs against waiver. In deciding whether to waive bond, courts also consider whether the movant has "provide[d] an acceptable alternative means of securing the judgment," *Nassau Cnty.*, 783 F.3d at 417, such as placing the full amount of the judgment in an escrow account, *see Trejos Hermanos Sucesores S.A. v. Verizon Commc'ns Inc.*, No. 21-CV-08928, 2024 WL 1175012, at *2 (S.D.N.Y. Mar. 19, 2024); *Carnegie Inst. of Washington v. Fenix Diamonds LLC*, No. 20-CV-0200, 2024 WL 3012037, at *2 (S.D.N.Y. June 13, 2024). Mr. Flacks's failure to propose any alternative means of securing the

---

[3] There is a substantial likelihood that Mircal's counsel was aware of the benefits of an unconditional guaranty under New York law and selected it for that reason—knowing that New York law would permit recovery under the Guaranty while disputes regarding the enforceability of the SPA were being litigated. Mr. Flacks, who was represented by counsel, agreed to enter into a New York guaranty of the French-law governed SPA, and with that decision, the consequences of which he now complains.

Judgment also weighs against waiver.

### IV.    CONCLUSION

After considering the *Nassau County* factors and the traditional stay factors, the Court

declines to waive Rule 62(b)'s bond requirement, and Mr. Flacks's motion is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 50.

SO ORDERED.

Dated:  March 8, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge